Alexander Contreras
Fed. Reg. No. 14158-006
Federal Correctional Institution
P.O. Box 5000
Sheridan, Oregon 97378-5000



MAR 0 3 2008

CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. A01-0151-03 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MOTION IN SUPPORT OF 18** |
| | ) | **U.S.C. § 3582(c)(2)** |
| ALEXANDER CONTRERAS, | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the Defendant, Alexander Contreras, Pro se litigant, hereinafter Mr. Contreras, pursuant to 18 U.S.C. § 3582(c)(2), and asks this Honorable Court to take his case liberally. See, **Haines v. Kerner, 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972)** and **United States v. Seesing, 234 F.3d 456 (9th Cir. 2000)**.

### BACKGROUND

On October 30, 2001, Mr. Contreras was arrested in Anchorage, Alaska. On May 14, 2002, trial began, and on May 17, 2002, a jury found Mr. Contreras guilty on twelve (12) counts. Count 1 for Drug Conspiracy, in violation of 21 U.S.C. § 846; Counts 13, 14, 15 and 16 for Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and (a)(1) & (b)(1)(B); Counts 17, 19, 21 and 27 for Possession With Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) and Counts 38, 40 and 41

-1-

for Using, Carrying and Possessing a Firearm During Drug

Trafficking, in violation of 924(c).  On July 11, 2002, Mr.

Contreras was sentenced to a term of 121 months on Counts 1, 13,

14, 15, 16, 17, 19, 21 and 27; 60 months mon Count 38 and 300

months on Count 40; the sentence for Count 41 is merged into the

sentence on Count 40, five years of supervised release and

$1,100.00 fine.

**ARGUMENT**

**DOES MR. CONTRERAS QUALIFY FOR A TWO-POINT OFFENSE LEVEL REDUCTION?**

Due to the reduction in term of imprisonment as a result

of amended guideline range § 1B1.10 by the Sentencing Commission,

Mr. Contreras contends that he is qualified for a reduction of

sentence because the jury found him quilty of 50 grams of cocaine

base "crack" when finding him guilty for Conspiracy, Count 1. [1]

Mr. Contreras relies on the statutory text set out in 18 U.S.C.

§ 3582(c)(2), which reads:

> **(c)** Modification of an imposed term of imprisonment.  The court may not modify a term of imprisonment once it has been imposed except that -
>
> **(2)** In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent that they are applicable if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[1] See Trial Transcripts, hereinafter (TT), pg. 5-4.

At the time of sentencing, Mr. Contreras was found to have an offense level of 32 and a Criminal History Category of 1,[2] (121-151 months).[3] The U.S.S.G. § 1B1.10(b)(1) states, in part:

> ...a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted. The court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guideline listed in subsection (c) had been in effect at the time the defendant was sentenced...

Therefore, Mr. Contreras would contend that his original offense level would now be 30 (97-121 months) with the two-point reduction provided by the Sentencing Commission. Mr. Contreras would also contend that **Booker**[4] would apply at a re-sentencing.[5] Mr. Contreras is not arguing that he deserves a § 3582(c)(2) re-sentencing because of **Booker** because his entitlement is based on 18 U.S.C. § 3582(c)(2), only because the Sentencing Commission lowered the applicable sentencing range. In **Booker,** the court stated that the district courts are "not bound to apply the guidelines," **Id. at 264,** thus making them advisory and not mandatory. Mr. Contreras further contends that his new offense level of 30 would be appropriate even though it falls under the mandatory minimum provided by 21 U.S.C. § 841(b)(1)(A) because a "mandatory system is no longer an open choice." See <u>Booker</u>, Id. at 263, 125 S.Ct. 738. In the **Hicks** case, the court found

---

[2] See Sentencing Transcripts, hereinafter (ST), pg. 25.

[3] Mr. Contreras received 121 months for the drug counts, and received the remainder of his 481 month sentence from his gun counts.

[4] <u>United States v. Booker</u>, 543 U.S. 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

[5] See <u>United States v. Hicks</u>, 472 F.3d 1167 (9th Cir. 2007).

that **Booker** "provides a constitutional standard which courts may not ignore by treating guideline ranges as mandatory in any context." **Id. at 1173**, therefore, allowing the courts to proceed through the now advisory system.

## CONCLUSION

Consequently, Mr. Contreras prays this Honorable Court will rule in favor of Defendant, and doing so within the text put forth by Defendant.  Mr. Contreras would like to point out, for the Court's acknowledgement, that since his incarceration he has achieved many accomplishments.  Mr. Contreras has completed the "MANAGING YOUR FINANCES COUNSELING GROUP" in December, 2002; completed the "DRUG EDUCATION CLASS" in November, 2003; completed the "RESUME WRITING - JOB SEARCH INTERVIEW COURSES," "GOAL SETTING," "GETTING AND KEEPING A JOB," MANAGING YOUR HEALTH" and "USING COMMUNITY RESOURCES" in June, 2005; completed the "FUNCTIONAL READING AND WRITING" in August, 2005; completed "FUNCTIONAL MATH" in September, 2005; completed the "USING TECHNOLOGY" in October, 2005; completed the "BEAT THE STREET" in August, 2006; completed the "MAVIS BEACON" in December, 2006 and has completed the "INTRODUCTION TO MICROSOFT OFFICE WORD" in October, 2007.  Mr. Contreras has put forth a lot of effort toward becoming an integral part of society and has utilized his time wisely during his incarceration, and prays this Court will take into account these achievements when considering its decisions.

Dated this __3__ day of __March__, 2008.

Respectfully submitted,

ALEXANDER CONTRERAS
Defendant Pro Se

-4-

## VERIFICATION

I, Alexander Contreras, hereby declare under penalty of perjury that the facts stated in the foregoing **MOTION IN SUPPORT OF 18 U.S.C. § 3582** are true and correct to the best of my knowledge.

Dated this __3__ day of __March__, 2008.

_Alexander Contreras_
ALEXANDER CONTRERAS
Defendant Pro Se


## CERTIFICATE OF SERVICE

I, Alexander Contreras, hereby certify that on this __3__ day of __March__, 2008, I had a true and correct copy of the foregoing **MOTION IN SUPPORT OF 18 U.S.C. § 3582** hand-delivered to the following individual:

> **CLERK OF THE COURT**
> **Federal Building, U.S. Courthouse**
> **222 West 7th Avenue, Box 4, Room 229**
> **Anchorage, AK 99513-7564**

and a true and correct copy mailed to the following individual:

> **TIMOTHY M. BURGESS**
> **United States Attorney**
> **U.S. Department of Justice**
> **Federal Building/U.S. Courthouse**
> **222 West 7th Avenue, #9, Room 253**
> **Anchorage, AK 99513-7567**

by U.S. Postal Service, postage prepaid, on this __3__ day of __March__, 2008.

_Alexander Contreras_
ALEXANDER CONTRERAS
Defendant Pro Se

-5-