MINUTES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

*UNITED STATES OF AMERICA*    v.    *ALEX CONTRERAS*

THE HONORABLE JOHN W. SEDWICK      CASE NO. 3:01-cr-00151 (JWS)

PROCEEDINGS:    **ORDER FROM CHAMBERS**      Date: May 21, 2008

      Alex Contreras was convicted at trial on multiple counts involving cocaine base as well as weapons offenses. More specifically, he was convicted of Count 1, charging conspiracy to distribute 50 grams or more of cocaine base, commonly known as crack, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). That conviction was and remains subject to a statutory minimum sentence of 120 months. He was also convicted of Count 16, charging distribution of 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). That conviction was and remains subject to a statutory mandatory minimum sentence of 60 months. Mr. Contreras was convicted of several other charges of distributing a detectible amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) as charged in Counts 13 thru 17, 19, 21, and 27. None of these charges is subject to a statutory mandatory minimum sentence. Finally, Mr. Contreras was convicted of three charges of using a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) as set out in Counts 38, 40, and 41. The conviction on Count 38 required the court to impose a mandatory consecutive sentence of 60 years. The convictions on counts 40 and 41 each required a mandatory consecutive sentence of 25 more years, but the court merged the convictions on counts 40 and 41. Thus, the impact of the gun charge convictions was a mandatory minimum sentence of 360 months (30 years) to be served consecutively to the punishment imposed on the drug charges.

      At docket 613 Mr. Contreras filed a motion for reduction in the sentence imposed on the crack cocaine counts pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. 1B1.10(c). The United States has filed a non-opposition to the motion at docket 637 to the extent it seeks the available two-level reduction in the Guideline offense level on the crack cocaine charges. To the extent that the motion at docket 613 seeks additional reductions, it is based on the premise that *United States v. Booker*, 543 U.S. 220 (2005), may be applied retroactively. However, the decision in *Booker* is not retroactive. *United States v. Cruz*, 439 F.3d 1119 (9th Cir. 2005).

      As originally calculated, Mr. Contreras' offense level on all of the drug trafficking counts was a level 32. With his criminal history category, the range of incarceration indicated by the Guidelines was 121 to 151 months. The court sentenced him to 121 months on all of the drug trafficking counts. The amendment to the Guidelines upon which defendant relies reduces the Guideline offense level by two levels. Thus,

Mr. Contreras' guideline range is now 97 to 121 months. The United States does not oppose, and the court finds consistent with the applicable law, a reduction in Mr. Contreras' sentence on all of the drug trafficking convictions to the bottom of the new range which is 97 months, with the exception of Count 1 which is subject to a mandatory minimum sentence of 120 months. The sentence on Count 1 will be reduced from 121 to 120 months, which is the minimum sentence consistent with 18 U.S.C. § 841(b)(1)(A).

The practical effect of these reductions is to reduce Mr. Contreras' total sentence from 481 months to 480 months, the minimum required based on the convictions on Counts 1, 38, 40, and 41.

The motion at docket 613 is **GRANTED** to the extent set forth above.

The Clerk will please prepare the appropriate AO Form 247.