**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **3:01-cr-151 JWS** |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| **ALEX CONTRERAS,** | ) | **[RE:  Motion at doc. 745]** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 745, defendant Alex Contreras moved for reduction in his sentence pursuant to 18 U.S.C. § 3582(c).  The Government responded at docket 750 and filed a notice of new authority at docket 752.  Contreras replied at docket 753.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

Alex Contreras was indicted along with seven other defendants.  In the first superseding indictment, Contreras was charged as follows:  Count 1 charged a conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846; Count 2 charged a conspiracy to violate 18 U.S.C. § 924(c)(1)(A); Count 5 charged distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); Counts 13 - 17, 19, 21, and 27 charged possession with intent to distribute controlled substances in

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and Counts 38 - 41 charged using and carrying a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(I). Six of the defendants pled guilty, but Contreras and co-defendant Frank Moniz exercised their right to a jury trial.

The court granted the Government's motion to dismiss Count 2. Trial commenced on May 13, 2002. On May 17, 2002, the jury returned their verdicts. Contreras was found guilty on Count 1, the conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846, all eight counts of possession of controlled substances with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and Counts 38, 40, and 41 charging using and carrying a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). The jury returned not guilty verdicts on Counts 5 and 39.

Based on the amount of controlled substances involved in the conspiracy, Contreras was subject to a mandatory minimum sentence of 120 months on the charge of conspiracy to distribute controlled substances. Contreras was also subject to mandatory minimum sentences on the weapons charges. The first firearms offense carried a mandatory minimum sentence of 60 months consecutive to the sentence for the drug crimes. The second firearms offense carried a mandatory minimum sentence of 300 months consecutive to the sentence for the drugs and the first firearms offense. The third firearms offense carried another consecutive mandatory sentence of 300 months.

Contreras was sentenced on July 11, 2002. The court sentenced him to a term of 121 months (the bottom of his guideline range) for all the drug crimes by ordering the

sentences on each to run concurrently. On the firearms charges, the court merged the two counts carrying a 300 month mandatory minimum and added 300 months to the 60 months required on the first firearms conviction. Thus, Contreras was sentenced to an additional 360 months to be served consecutively to the 121 month sentence. Contreras appealed his sentence. This court's decision was affirmed.[1] The appellate court's mandate was received on September 18, 2003.

On August 20, 2004, Contreras filed a motion collaterally attacking his conviction and sentence pursuant 28 U.S.C. § 2255. That motion was denied. At that time no further relief was available to Contreras. However, after the United States Sentencing Commission amended the Sentencing Guidelines applicable to drug offenses involving crack cocaine, Contreras moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). The amendment to the Guidelines had the effect of reducing Contreras' guideline sentencing range to 97 - 121 months from 121 -151 months. However, the amendment did not reduce the statutory mandatory minimum of 120 months. The court granted Contreras' motion to the maximum extent consistent with the law by lowering his sentence on the drug charges from 121 to 120 months. Contreras appealed, and the court's decision was affirmed by the Ninth Circuit.[2]

---

[1]*United States v. Moniz and Contreras*, 73 Fed. Appx. 981 (9th Cir. 2003).

[2]*United States v. Contreras*, 395 Fed. Appx. 341 (2010).

## III.  DISCUSSION

**A.  Relief not available under 28 U.S.C. § 2255**

In his motion, Contreras asserts that the court's jury instructions relating to the § 924© charges were erroneous.[3]  He also asserts that the drug quantity used in calculating his sentence was incorrectly determined.[4]  These assertion constitute a collateral attack on Contreras' sentence and therefore must be considered as a motion made pursuant to 28 U.S.C. § 2255.

Contreras' § 2255 motion is not timely.  In the circumstances here, the applicable statutory provision requires that a motion made pursuant to § 2255 be brought within one year after Contreras' judgment became final.[5]  This court received the mandate affirming his conviction in September of 2003, and Contreras did not file a petition for certiorari in the Supreme Court.  The one-year period ran when the time for filing such a petition expired.[6]  Thus, the one-year period began running in 2004, and expired in 2005, many years before the motion at hand was filed.  The time for filing a § 2255 motion may be tolled, but only if the petitioner demonstrates diligent pursuit of his rights and extraordinary circumstances.[7]  Contreras has not made the required showing.  His assertions respecting the § 924(c) convictions and the quantity of drugs are therefore not properly before the court.

---

[3]*Id.* at p. 6.

[4]*Id*. at pp. 21-22.

[5]28 U.S.C. § 2255(f)(1).

[6]*Clay v. United States*, 537 U.S. 522, 527 (2003).

[7]*United States v. Aquirre-Ganceda*, 592 F.3d 1043, 1045.

-4-

There is a second reason why Contreras' assertions regarding the § 924(c) convictions and the drug quantity may not be considered by this court. Contreras previously filed a § 2255 motion. Therefore, the pending motion cannot be considered under § 2255, because Contreras has not obtained the certificate required by statute for a second or successive petition.[8]

**B.  Relief sought pursuant to 18 U.S.C. § 3582(c)**

Contreras seeks a sentence reduction based on the Fair Sentencing Act of 2010 which became effective on August 3, 2010 ("FSA") pursuant to 18 U.S.C. § 3582(c)(2) which authorizes sentence reductions in certain circumstances. Here, Contreras seeks to avoid the mandatory minimum sentence of 120 months imposed for his drug crimes based on the FSA.

Contreras may benefit from the FSA only if it is applied retroactively. In *Dorsey v. United States*,[9] the Supreme Court held that the FSA does apply retroactively to a person who committed a drug crime prior to August 3, 2010, when the sentence was imposed *after* August 3, 2010.[10] While Contreras' crimes were committed prior to that date, he was sentenced more than eight years *before* August 3, 2010.

---

[8]28 U.S.C. § 2255(h).

[9]132 S.Ct. 2321 (2012).

[10]*Id.*, 132 U.S. at 2335.

*Dorsey* does not address the situation in which the sentence was imposed before the effective date of the FSA. However, the Ninth Circuit did so quite recently in *United States v. Augustine*:[11]

> In the [FSA], Congress addressed the inequitable disparity between the sentences prescribed for crack and powder cocaine offenses. The question in this case is whether a defendant sentenced for a crack offense before the FSA was enacted is eligible for a reduced sentence under 18 U.S.C. § 3582(c). We hold, consistent with all circuits to have addressed the issue, that the FSA's lowered mandatory minimums are not available to such individuals.[12]

*Augustine* is directly in point. This court is bound to apply the law declared there by the Ninth Circuit. As a result, Contreras is not qualified for relief under the FSA.

## IV. CONCLUSION

For the reasons above, the motion at docket 745 is **DENIED**.

DATED this 5th day of May 2014.

_____/S/_____
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[11]712 F.3d 1290 (2013).

[12]*Id.*, 712 F.3d at 1291.